UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

WU HUNG TONY SHIH,

          Plaintiff,

    v.

WILLIE L ANDERSON, JR.,

          Defendant.

No. 2:16-cv-02485-GEB-EFB

***SUA SPONTE* REMAND ORDER**[*]

          On October 18, 2016, Defendant filed a Notice of Removal removing this unlawful detainer action from the Superior Court of California for San Joaquin County. (Notice of Removal ("NOR"), ECF No. 1.) For the following reasons, the Court *sua sponte* remands this case to the Superior Court of California for San Joaquin County for lack of subject matter jurisdiction.

          "There is a 'strong presumption against removal jurisdiction,' and the removing party has the burden of establishing that removal is proper." Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 F. App'x 62, 64 (9th Cir. 2011) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The court may - indeed must -

---

[*]     The undersigned judge revokes any actual or anticipated referral of this matter to a Magistrate Judge for the purposes of Findings and Recommendations.

1

1    remand an action *sua sponte* if it determines that it lacks

2    subject matter jurisdiction." <u>GFD, LLC v. Carter</u>, No. CV 12-08985

3    MMM (FFMx), 2012 WL 5830079, at *2 (C.D. Cal. Nov. 15, 2012)

4    (citing <u>Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.</u>,

5    346 F.3d 1190, 1192 (9th Cir. 2003)).

6           Defendant alleges in the Notice of Removal that federal

7    question jurisdiction justifies removal. (NOR ¶¶ 5-6.)

8    Specifically, Defendant contends that the "'Protecting Tenants at

9    Foreclosure Act 2009,' 12 U.S.C. [§] 5220," governs this case,

10   (NOR ¶ 6), because "in order to evict a bona fide residential

11   tenant of a foreclosed Landlord, Plaintiff was required to state

12   a cause of action under the [Act]." (NOR ¶ 7.)

13          However, review of the Complaint reveals Plaintiff

14   alleges "one [claim] . . . for unlawful detainer under state law,

15   and under the well-pleaded complaint rule, a defendant's claims

16   or defenses may not serve as a basis for removal." <u>Polymatic</u>

17   <u>Props., Inc. v. Mack</u>, No. 2:12-cv-2848-LKK-EFB PS, 2012 WL

18   5932618, at *1 (E.D. Cal. Nov. 27, 2012) (citing <u>Takeda v. Nw.</u>

19   <u>Nat'l Life Ins. Co.</u>, 765 F.2d 815, 822 (9th Cir. 1985); <u>see also</u>

20   <u>Deutsche Bank Nat'l Trust Co. v. Ghosal</u>, No. 14cv2582-GPC(WVG),

21   2014 WL 5587199, at *2 (S.D. Cal. Nov. 3, 2014) (remanding

22   unlawful detainer action *sua sponte*). Therefore, Defendant has

23   not shown the existence of federal question removal jurisdiction.

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

2

1          For the stated reasons, this case is remanded to the

2   Superior Court of California for San Joaquin County.

3   Dated:  October 19, 2016

4

5   _____

6   GARLAND E. BURRELL, JR.
    Senior United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28